IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DARLENE DENISE DAVIS,

        Appellant,

v.                                       Civil Action No. 3:20cv78

FORTUNE INVESTMENT
ENTERPRISES,

        Appellee.

---

DARLENE DENISE DAVIS,

        Appellant,

v.                                       Civil Action No. 3:20cv79

UNKNOWN,

        Appellee.

## MEMORANDUM OPINION

This matter comes before the Court on *pro se* Appellant Darlene J. Davis's motions to proceed *in forma pauperis* on appeal, (3:20cv78, ECF No. 6); (3:20cv79, ECF No. 5), three "Motions for Emergency Hearing" (the "Motions for Emergency Hearing"), (3:20cv78, ECF No. 11; 3:20cv79); (ECF No. 10; 3:20cv79, ECF No. 11), and one "Notice of Emergency Hearing to Immediately Reverse Motion for Relief," (the "Notice"), (3:20cv78, ECF No. 10).[1]

---

[1] The Clerk's office docketed three motions and one notice, though one motion duplicates a prior motion. The Court reviewed each document. Each document requests similar emergency relief as the Court will explain in this Memorandum Opinion.

The Court exercises jurisdiction pursuant to 28 U.S.C. § 158(a)(1).[2] For the reasons that follow, the Court will grant Davis leave to proceed *in forma pauperis* on appeal, but the appeals will be dismissed pursuant to 28 U.S.C. § 1915(e)(2). The Court will also deny Davis's Motions for Emergency Hearing and related Notice.

## I. BACKGROUND

Davis filed the underlying Chapter 13 Bankruptcy Case on November 19, 2019. (Bankr. Case No. 19-36077-KLP.)[3] On December 2, 2019, Fortune Investment Enterprises filed a motion requesting relief from the stay of Bankruptcy Code 11 U.S.C. § 362(a),[4] which automatically attached when Davis initiated her bankruptcy action, (the "Motion"). (R. 46–49). In the Motion, Fortune Investment Enterprises averred that in June 2019 it bought the "property located at 5910 Chadwick Court Fredericksburg, VA 22407 . . . on a foreclosure." (R. 46–47.) Davis previously owned that property but did not move out when it was foreclosed. (R. 46–49.)

---

[2] "The district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under [28 U.S.C. § 157] . . . ." 28 U.S.C. § 158(a)(1). As the Supreme Court of the United States recently held, the Bankruptcy Court's adjudication of the motion for relief from the automatic stay comprises a final order for appellate jurisdiction. *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 592 (2020).

[3] The designated record in the two instant appeals are practically identical because they involve the same underlying bankruptcy proceeding. (*See* Bankr. Case No. 19-36077-KLP). The Court cites to the CM/ECF page numbers for the designated record in 3:20cv78. (*See* 3:20cv78, ECF No. 8.)

[4] In relevant part, Section 362 provides:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of. . . (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

11 U.S.C. § 362.

In September 2019, Fortune Investment Enterprises obtained an order of possession for that property from the Spotsylvania County General District Court. (R. 47.) Davis appealed the possession order to the Circuit Court of Spotsylvania County, which that court dismissed. (R. 47.) Davis then filed for bankruptcy through the underlying Chapter 13 proceeding,[5] which automatically stayed Fortune Investment Enterprises' request for possession in the Spotsylvania County Circuit Court pursuant to 11 U.S.C. § 362(a).

On February 4, 2020 the United States Bankruptcy Court for the Eastern District of Virginia entered an order granting the Motion, meaning that Davis's bankruptcy filing would no longer stay Fortune Investment Enterprises efforts to possess the property located at 5910 Chadwick Court. (*See* R. 10 (Docket Sheet).) Davis appealed the Bankruptcy Court's decision to grant the Motion, which forms the basis of the two appeals the Court considers here. (*Id.*) Davis has filed at least five appeals from the same underlying bankruptcy proceeding. *See Darlene Denise Davis v. Fortune Investment Enterprises*, No. 3:20cv78-MHL (E.D. Va. Feb. 7, 2020); *Darlene Denise Davis v. Unknown*, No. 3:20cv79-MHL (E.D. Va. Feb. 7, 2020); *Darlene Denise Davis v. Unknown*, No. 3:20cv127-MHL (E.D. Va. Feb. 26, 2020); *Darlene Denise Davis v. Unknown*, No. 3:20cv204-MHL (E.D. Va. Mar. 25, 2020); *Darlene Denise Davis v. Unknown*, No. 3:20cv205-MHL (E.D. Va. Mar. 25, 2020). The other three appeals stemming from Bankruptcy Case Number 19-36077-KLP remain pending.

In her opening brief for case number 3:20cv78, which spans one page and names Fortune Investment Enterprises as appellee, Davis contends the automatic stay "is a matter of right and the appearance of bias has blocked my efforts to not be subjected to asset theft/foreclosure

---

[5] Davis has filed at least four bankruptcy actions since 2010. (R. 106.)

fraud." (Br. 1, 3:20cv78, ECF No. 3.) Davis "object[s] because . . . Fortune Investment is a non

creditor and I have no legal relationship nor contract with them." (*Id.*)

In her opening brief for case number 3:20cv79, which spans one page and names

"Unknown" as appellee, Davis argues "I am the owner of my house and have ownership interest

and there was a fraudulent invalid auction held on May 7, 2019 and I have shown substantial

evidence of this and . . . [i]t would cause manifest injustice to remove me the homeowner from

my home." (Br. 1, 3:20cv79, ECF No. 3.) Apart from the generic allegations of injustice, Davis

does not otherwise expand on her claims.

Upon reviewing the briefs, the Court directed Davis to pay the requisite filing fee to

pursue her appeal or move to proceed *in forma pauperis*.[6] (Feb. 21, 2020 Order, 3:20cv78, ECF

No. 5); (Feb. 21, 2020 Order, 3:20cv79, ECF No. 4). Davis timely filed her motions to proceed

*in forma pauperis*. Thereafter, Davis filed her Motions for Emergency Hearing and related

Notice.

In the Motions for Emergency Hearing, Davis "request[s] an emergency hearing to

reverse the denial of automatic stay." (*See* Mot. Emergency Hr'g 1, 3:20cv79, ECF No. 10.)

Davis states that she has been "locked out during a pandemic by non creditors and my house

being allowed to be stolen via real estate identity theft + auction fraud." (*Id.*) In the Notice,

Davis similarly alleges that she "request[s] emergency hearing to reverse immediately the

dismissal of the case." (Notice 1, 3:20cv79, ECF No. 11.) Davis "ask[s] for an emergency

---

[6] "Prior to the passage of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ('BAPCPA'), many courts held that bankruptcy courts lacked the authority to waive filing fees. After BAPCPA, requests to proceed *in forma pauperis* in bankruptcy cases are governed by 28 U.S.C. § 1930(f)." *In re Santana*, Bankr. NO. 10-12043-M, Adversary No. 10-01094-M, 2013 WL 1397462, at *3 (Bankr. N.D. Okla. Apr. 5, 2013). Section 1930(f)(2) provides that "[t]he district court or the bankruptcy court may waive for such debtors other fees prescribed under" the bankruptcy fees statute, including fees related to filing an application for appeal. *See* 28 U.S.C. § 1930(f)(2) (citing 28 U.S.C. § 1930 (a)–(c)).

4

telephone hearing with a nonbiased/non conflict Court ASAP." (*Id.*) The Court turns now to the applicable standards of review.

## II. STANDARD OF REVIEW

Because Davis proceeds *pro se*, the Court liberally construes her filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citations omitted). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Fed. R. Civ. P. 8 for "all civil actions"). A *pro se* plaintiff litigant must allege facts sufficient to state a cause of action. *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999) (citation omitted). The Court cannot act as a *pro se* litigant's "advocate and develop, *sua sponte*, statutory and constitutional claims that the [litigant] failed to clearly raise on the face of [the] complaint." *Newkirk v. Cir. Ct. of Hampton*, No. 3:14cv372, 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014) (internal quotation marks and citations omitted). The same principles of liberal construction apply to *pro se* litigants on appeal. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Nor should appellate courts permit those same fleeting references to preserve questions on appeal.").

Pursuant to 28 U.S.C. § 1915, which governs proceedings *in forma pauperis*, the court "shall dismiss" an action or appeal that is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).[7] An appeal

---

[7] That subsection of the statute provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall dismiss* the case at any time if the court determines that--
>     (A) the allegation of poverty is untrue; or

by a party proceeding *in forma pauperis* may be dismissed as frivolous if it does not have an

arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). As another district

court within the jurisdiction of the United States Court of Appeals for the Fourth Circuit has

recently explained when considering a bankruptcy appeal:

> Section 1915 was intended to provide indigent parties with the opportunity for
> meaningful access to the federal courts. However, even if a party is indigent, 28
> U.S.C. § 1915 does not provide an unfettered, unlimited right to relief. Thus, relief
> under 28 U.S.C. § 1915 may be denied if the allegation of poverty is untrue, or if
> satisfied that the action is frivolous or malicious.

*In re Minh Vu Hoang*, No. CIV.A. DKC 14-3128, 2015 WL 2345588, at *5 (D. Md. May 14, 2015)

(quoting *In re Heinze*, 455 B.R. 452, 453 (Bankr. M.D. N.C. 2011)).

### III. ANALYSIS

Based on the information contained in the motions to proceed *in forma pauperis*, the

Court deems Davis's allegations of poverty true, and will grant her leave to proceed *in forma*

*pauperis*. However, based on a review of the record, including the various orders that the

Bankruptcy Court entered regarding Davis's Chapter 13 petition and her related requests for

relief following the foreclosure of her home, the Court concludes that the instant appeals are

frivolous.

An appeal is frivolous when it lacks an arguable basis either in law or fact. *Neitzke*, 490

U.S. at 325. Davis's appeals lack an arguable basis in law because the foreclosure sale rendered

moot her challenge to the Bankruptcy Court's order lifting the stay and because she may

---

    (B) the action *or appeal*--
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from
        such relief.

28 U.S.C. § 1915(e)(2)(B) (emphases added).

challenge that foreclosure sale in state court as part of Fortune Investment Enterprises'

possessory action if any wrongdoing occurred during that sale.

First, the Court recognizes that, to the extent Davis seeks to challenge the sale of her

home or the related ownership interest in that property, that challenge is moot.[8] "Where, as here,

a debtor fails to obtain the stay of an order granting a creditor relief from the automatic stay

pending appeal of the order, a completed foreclosure and sale of the property will render any

appeal of a subsequent lift stay order moot." *Vardan v. Wells Fargo Bank, N.A.*, 606 B.R. 681,

686 (E.D. Va. 2019) (collecting cases). In view of the June 2019 sale of her home, the Court can

discern no available remedy for Davis. *In re Mar.*, 988 F.2d 498, 499 (4th Cir. 1993)

("Consequently, the foreclosure rendered moot any appeal on the applicability of the § 362(a)

stay."). Because Davis's property was sold at a foreclosure sale in June 2019, even if Davis's

claims had merit, she cannot identify a remedy available to her on appeal from the Bankruptcy

Court granting the Motion requesting relief from the automatic stay. *See Hobby v. Beneficial

Mortg. Co. of Va.*, No. CIV.A. 2:05CV110, 2005 WL 5409003, at *3 (E.D. Va. June 3, 2005)

(finding no remedy available to bankruptcy appellant after foreclosure sale). Therefore, her

appeals regarding the Bankruptcy Court's decision to lift the stay as to Fortune Investment

Enterprises are moot and lack an arguable basis in law.[9]

---

[8] The Fourth Circuit has further instructed that equitable mootness may arise in the bankruptcy context. Unlike constitutional mootness, which bars consideration of appeals because no Article III case or controversy remains, "the doctrine of equitable mootness is a pragmatic principle, grounded in the notion that, with the passage of time after a judgment in equity and implementation of that judgment, effective relief on appeal becomes impractical, imprudent, and therefore inequitable." *Mac Panel Co. v. Va. Panel Corp.*, 283 F.3d 622, 625 (4th Cir. 2002). "Applied principally in bankruptcy proceedings because of the equitable nature of bankruptcy judgments," parties may invoke equitable mootness "when it becomes impractical and imprudent 'to upset the plan of reorganization at this late date.'" *Mac Panel Co.*, 283 F.3d at 625 (quoting *In re UNR Indus., Inc.*, 20 F.3d 766, 769 (7th Cir. 1994)).

[9] Davis also seeks relief against an Unknown appellee, "object[ing] to the grounds and decision not to extend the automatic stay." (3:20cv79; ECF No. 1.) The Court cannot determine

7

Second, to the extent Davis believes that the foreclosure on her home was improper, she may pursue that argument in state court during the possessory proceedings involving Fortune Investment Enterprises. As the Supreme Court recently observed, "[r]uling on a motion for stay relief . . . will determine where the adjudication of an adversary claim will take place—in the bankruptcy forum or state court." *Ritzen Grp.*, 140 S. Ct. at 590. But the related proceedings involving the possession of 5910 Chadwick Court may continue in state court rather than through a bankruptcy appeal.

For the same reasons, the Court will deny Davis's Motions for Emergency Hearings and related Notice because they lack a basis in law and do not identify grounds for relief.[10]

An appropriate Order shall issue.

_____ /s/

M. Hannah Lauck
United States District Judge

Date: April 27, 2020
Richmond, Virginia

---

what relief Davis seeks against an Unknown party on appeal. In any event, claims related to the foreclosure sale in June 2019 are moot in this bankruptcy appeal.

[10] The Court is sympathetic to Davis's need to secure housing during the COVID-19 pandemic. The Court notes that Davis may find helpful many *pro bono* organizations located near Fredericksburg, Virginia, including Virginia Legal Aid, Virginia Poverty Center, and Legal Aid Works.